Winsome E. GARVEY, Appellant,

v.

Lloyd H. GARVEY, Appellee.

No. 81–673.

District of Columbia Court of Appeals.

Argued March 18, 1982.

Decided May 11, 1982.

Brian R. Seeber, Washington, D. C., for appellant.

John Wesley Days, Washington, D. C., for appellee.

Before KERN, NEBEKER and BELSON, Associate Judges.

PER CURIAM:

Appellant asserts that the trial court's dismissal of her complaint against appellee to enforce a Canadian support order of the children of their marriage was error. Finding that the court properly ruled that appellant was not entitled to enforcement of the foreign decree, we affirm.

Appellant and appellee were married in Montreal, Canada in 1963 and had two children. In 1971 they separated and appellee

moved to the Washington, D. C. area. Appellant filed suit for divorce in the Supreme Court of Ontario in 1976. Appellee was served with notice in the District of Columbia, but did not retain an attorney, file any responsive pleadings, or participate in any proceedings before the court. Appellee did, however, visit Canada and meet with a so-called official guardian, who, following the interview, prepared a report to the judge in the underlying divorce action concerning the welfare of the children. The Canadian court eventually entered a final decree ("Decree Nisi") which, *inter alia*, ordered appellee to pay appellant the sum of $150.00 per month for the maintenance of each child. The order noted that no one appeared for the respondent (appellee herein) in the proceeding.

Upon appellee's failure to make the child support payments, appellant filed a Complaint to Enforce Child Support Order in the Superior Court of the District of Columbia. The Superior Court ruled that the Canadian judgment would not be enforced in this jurisdiction because the Canadian court lacked personal jurisdiction over appellee. In addition, the court refused to order child support payments *in futuro* because there was no notice to appellee that appellant was seeking child support. Accordingly, the court dismissed the complaint.

■ Appellant's first contention is that the Supreme Court of Ontario had personal jurisdiction over the appellee because of his appearance in Canada before the official guardian. We find, however, that appellant failed to prove that appellee's appearance before this official constituted an appearance in the Canadian proceeding so as to support a conclusion that the Canadian court had personal jurisdiction over him. Appellant merely asserted that appellee visited Canada for an interview with this official, who subsequently prepared a report to the judge. No proof was presented of the significance of this interview in the context of the Canadian court proceeding.[1] Appellant has not asserted, and has not proved, that the official guardian's report was binding in any manner on the court. Thus we, like the trial court, are unable to find that this single "appearance" was sufficient to subject the appellee to personal jurisdiction of the Canadian court. Appellant, the party asserting that the Canadian judgment is binding on this court, has failed to meet her burden of proving a prerequisite to our enforcement of that judgment—personal jurisdiction over appellee.[2]

■ The trial court also rejected appellant's contention that, even if the court could not enforce the prior decree, it could still adjudicate issues of child support. We agree with the court's conclusion that appellant's complaint did not give appellee due notice that the relief of a new child support order was being sought. The complaint, entitled "Complaint to Enforce Child Support Order," sought merely to have the

1. Appellant contends that the trial court erred in refusing admission into evidence of the official guardian's report. We find that the trial court properly denied admission on the basis of hearsay. Appellant's inability to introduce this report did not preclude her from proving the significance of the official guardian's interview to the Canadian court proceeding. Having reviewed this report, we further note that it would not in itself aid the court in determining whether appellee was subject to the Canadian court's personal jurisdiction.

2. A party contending that a prior judgment is binding in a subsequent suit has the burden of proving that the requirements of res judicata or collateral estoppel are present. *See* 1B Moore's Federal Practice ¶ 0.408[1], at 954 (2d ed. 1980). Appellant does not contest that personal jurisdiction over the appellee is a prerequisite to the enforceability of the Canadian judgment in this court. A foreign judgment is enforceable in an American court only if there has been an opportunity for a full and fair trial in a foreign court of competent jurisdiction after proper service or voluntary appearance by the defendant and under a judicial system which does not violate American public policy. *See Hilton v. Guyot*, 159 U.S. 113, 202, 16 S.Ct. 139, 201, 40 L.Ed. 95 (1895); *Tahan v. Hodgson*, U.S.App.D.C., 662 F.2d 862, 864 (1981). This court will thus not give effect to a judgment which violates our requirement of personal jurisdiction over a defendant for the validity of a child support order. *See Meredith v. Meredith*, 96 U.S.App.D.C. 355, 266 F.2d 257 (1955).

District of Columbia court order appellee to comply with the terms of the Canadian decree. Appellee's only asserted defense was the invalidity of the prior decree. We conclude that appellee had no notice allowing him to prepare for presentation of evidence regarding the needs of the children and his ability to provide for their care.[3]

*Affirmed.*

---

**3.** Our judgment herein does not preclude appellant from bringing a future action for child support, pendente lite and permanent, in the District of Columbia courts.